JUDGE BATTS

11 CIV 5734

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JAIME SANT TITUANA-FREIRE,

           Plaintiff,

    vs.

THE CITY OF NEW YORK, a municipal entity,
POLICE OFFICER JOHN VINCULADO,
POLICE OFFICER ERIC ALBA, POLICE OFFICER
KINSELLA, POLICE OFFICER LATOYA MALONE,
POLICE OFFICERS JOHN DOE and
RICHARD ROE (names and number of whom are
unknown at present), and other unidentified members
of the New York City Police Department, New York City
Police Supervisors and Commanders RICHARD ROEs
1-50,

           Defendants
------------------------------------------------------------X

COMPLAINT

RECEIVED AUG 17 2011 U.S.D.C. S.D.N.Y. CASHIERS

JURY TRIAL
DEMANDED

## PRELIMINARY STATEMENT

1.    This is civil rights action in which the Plaintiff seeks relief for the Defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth, Fifth, Sixth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff was falsely arrested by the Defendants, members of the New York City Police Department (hereinafter "NYPD") and maliciously prosecuted. In addition, Plaintiff was subjected to unlawful strip searches by members of the NYPD.

2.    Defendant City is liable for the individual Defendants' acts under the theory of *respondeat superior*. At the time of the incidents, they were acting under color of state law in the course and scope of their employment at Defendant City and/or the NYPD, an agency of

1

Defendant City.

3. As a result of the aforementioned constitutional violations, Plaintiff suffered emotional, mental and psychological pain and suffering.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

5. Plaintiff further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

6. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

7. Plaintiff is and was at all times relevant herein a resident of the City of New York, State of New York.

8. Defendant VINCULADO, is and was at all times relevant herein an officer, employee, and agent of the NYPD. On January 30, 2010 in which he falsely arrested Plaintiff, he was assigned to the 24th Precinct. He is being sued in his individual capacity.

9. Defendant ALBA, is and was at all times relevant herein an officer, employee, and agent of the NYPD. On January 30, 2010 in which he falsely arrested Plaintiff, he was assigned to the 24th Precinct. He is being sued in his individual capacity.

10. Defendant KINSELLA, is and was at all times relevant herein an officer, employee, and agent of the NYPD. On January 30, 2010 in which he falsely arrested Plaintiff, he was assigned to the 24th Precinct. He is being sued in his individual capacity.

11. Defendant MALONE, is and was at all times relevant herein an officer, employee, and agent of the NYPD. On January 30, 2010 in which she falsely arrested Plaintiff, she was assigned to the 24th Precinct. She is being sued in her individual capacity.

12. New York City Police Officers John Doe and Richard Roe (names and number of whom are unknown at present), and other unidentified members of the NYPD, are and were at all times relevant herein officers, employees and agents of the NYPD. Officers John Doe and Richard Roe are being sued herein in their individual capacities for their participation in the false arrest of Plaintiff.

13. New York City Police Supervisors and Commanders Richard Roes 1-50 are and were at all times relevant herein involved in the false arrest and malicious prosecution of Plaintiff. They are sued individually and in their official capacities for their participation in the false arrest of Plaintiff.

14. Each and all of the acts of the Defendants alleged herein were undertaken by said

Defendants while acting in the course and scope of their duties and functions as agents, employees, and officers of the City of New York and/or the NYPD when engaging in the conduct described herein.

15. At all times relevant herein, Defendants acted for and on behalf of the City of New York and/or the NYPD in furtherance of their employment by Defendant City, with the power and authority vested in them as officers, agents and employees of the City and/or the NYPD and/or incidentally to the lawful pursuit of their duties as officers, employees and agents of the City and/or the NYPD.

16. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

## STATEMENT OF FACTS

17. On January 30, 2010 Defendant VINCULADO and his partner, Defendant ALBA, were on patrol within the confines of the 24th Precinct which covers the Upper West Side of Manhattan.

18. At approximately 4:30 p.m., they received a report of a man carrying a firearm and cocaine in the vicinity of 207 West 106th Street.

19. The dispatch included a description of the individual: a Hispanic male, wearing a

dark jacket, blue jeans, and a hat and that he was carrying a gun and cocaine. In addition, he was walking towards a red Toyota with New York license plate EPS 1168.

20. When the officers arrived at the front of 207 106th Street they observed three people inside of the vehicle described above.

21. Plaintiff was in the front passenger seat.

22. Mr. Fernando Arias, the owner of the vehicle, was in the driver's seat, and Mr. Antonio Jimenez was in the rear passenger seat.

23. Defendants VINCULADO and ALBA approached the vehicle with their guns drawn.

24. Defendant VINCULADO approached the vehicle from the driver's side while Defendant ALBA went to the front of the vehicle.

25. Defendant VINCULADO ordered the occupants of the vehicle to raise their hands over their head while he opened both the front and rear drivers side doors.

26. Defendant VINCULADO did not observe any firearm or drugs inside of the vehicle.

27. Defendant ALBA observed Mr. Arias, while seated in the drivers seat with his hands raised over his head, attempt to "shove" something into his left sleeve.

28. Other officers arrived at the scene.

29. Upon the arrival of the other officers, Defendant ALBA ordered Plaintiff out of the vehicle, and searched him.

30. Defendant ALBA did not recover anything from Plaintiff.

31. After searching Plaintiff, he was rear cuffed and held awaiting transportation to the

5

precinct for arrest processing.

32. Defendant KINSELLA arrived at the scene in a separate police car in response to the above mentioned radio dispatch.

33. Defendant KINSELLA approached the vehicle and observed Mr. Arias hunched over with his back to Defendant VINCULADO. According to Defendant KINSELLA, Mr. Arias was attempting to shove, what turned out to be five bags of cocaine, into the sleeve of his jacket. Defendant KINSELLA picked up three of the bags that had fallen to the ground and removed the other two from Mr. Arias's hand. He then handed the five bags to Defendant VINCULADO.

34. While Plaintiff, Mr. Arias and Mr. Jimenez were handcuffed at the scene, the Individual Police Defendants searched the vehicle and did not recover any drugs.

35. After transporting Mr. Arias's vehicle to the 24th Precinct Defendant KINSELLA recovered 15 bags of heroin from a small compartment, on the drivers side and to the left of the steering.

36. Defendant MALONE recovered 32 bags of cocaine from underneath the rear driver's side seat of the police vehicle that was used to transport the Plaintiff and Mr. Jimenez to the 24th Precinct.

37. Mr. Jimenez was in that seated in the rear driver's side while Plaintiff was seated in the rear passenger side.

38. At the 24th precinct, Plaintiff was searched a second time during arrest processing. He was then taken into an area where he was strip searched. Plaintiff was forced to drop his pants to his ankles, bend over and be subjected to a highly invasive search of his buttocks.

39. No drugs were recovered from Plaintiff.

40. No drugs were ever recovered from Plaintiff's person or in an area under his dominion and control in the course of the stop, search, or arrest.

41. Despite having no probable cause to arrest and prosecute Plaintiff, Defendants New York City Police Supervisors and Commanders Richard Roes 1-50, who were the supervising officers, reviewed, approved, and ratified the arrest of Plaintiff.

42. After being held at the precinct for several hours, Plaintiff was transported to Criminal Court located at 100 Centre Street in New York County.

43. Plaintiff was charged with three felony counts: Criminal Possession of a Controlled Substance in the Third Degree, P.L. §220.16(1) (for possession of the heroin with the intent to sell); Criminal Possession of a Controlled Substance in the Third Degree, P.L. §220.16(1) (for possession of cocaine with the intent to sell); Criminal Possession of a Controlled Substance in the Fourth Degree, P.L. §220.09(1).

44. This was Plaintiff's first arrest.

45. At his arraignment on the felony charges, Plaintiff entered a plea of "not guilty." Bail was at $5000.00 cash or bond.

46. Plaintiff spent four days in custody including the night of January 30, 2010. He was released after posting bail on Tuesday February 2, 2010.

47. Plaintiff was indicted on February 5, 2010.

48. From January 30, 2010, until February 17, 2011 Plaintiff made approximately twenty (20) court appearances.

49. On, February 17, 2011 Plaintiff was acquitted of all charges.

### Plaintiff's Injuries and Damages

50. As a direct and proximate consequence of the aforementioned actions by the Defendants, Plaintiff:

   (1) Suffered severe emotional and mental anguish and pain;

   (2) Suffered psychological injuries;

   (3) Was denied his state and federal constitutional rights and liberties;

   (4) Was publicly shamed, disgraced, ridiculed and humiliated and suffered damage to reputation;

   (5) Incurred substantial legal fees;

   (6) Continues to suffer from psychological injuries, emotional and mental anguish and pain; and

   (7) Incurred other items of attendant damages.

### FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth and Fourteenth Amendment Rights

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 50 with the same force and effect as if more fully set forth at length herein.

52. Defendants who were acting within the scope of their employment, arrested and caused Plaintiff to be imprisoned without probable cause in violation of Plaintiff's right to be free from an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be

free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

### Malicious Prosecution/Fourth Amendment Rights

53. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 52, with the same force and effect as if more fully set forth at length herein.

54. The acts and conduct of the Defendants constitute malicious prosecution under the Fourth Amendment to the Constitution of the United States. Defendants commenced and continued a criminal proceeding against Plaintiff. There was actual malice and an absence of probable cause for the proceeding. In addition, the proceeding terminated favorably to Plaintiff when on February 17, 2011, Plaintiff was acquitted of all charges.

## THIRD CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment Rights

55. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 54 with the same force and effect as if more fully set forth at length herein.

56. The invasive strip search and physical touching of Plaintiff's genital area by the Individual Police Defendants was an objectively unreasonable search and seizure of Plaintiff in

violation of his right to be free of an unreasonable search and seizure under the Fourth Amendment to the Constitution of the United States and under the laws of the State of New York. There was no threat to the safety of the officer or loss of evidence. The Individual Police Defendants did not have reasonable suspicion that Plaintiff was concealing a weapon or other contraband on his person.

## JURY DEMAND

57. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

b. For compensatory damages in an amount to be determined;

c. For punitive damages in an amount to be determined;

d. For reasonable attorneys' fees, together with costs and disbursements, pursuant to § 1988 and this Court's discretion;

e. For pre-judgment interest as allowed by law; and

f. For such other and further relief as this Court may deem just and proper.

DATED:   August 17, 2011
         New York, New York

Yours, etc.

_____
By: EDWARD DONLON
110 Wall Street
New York, New York 10005
(646) 691-6380


_____
By: ANTHONY CECUTTI
(AC 5867)
100 Lafayette Street, Suite 401
New York, New York 10013
(917) 741-1837


TO:  CITY OF NEW YORK
c/o Corporation Counsel
100 Church Street
New York, New York 10007

POLICE OFFICER JOHN VINCULADO
24th Precinct
151 W 100th St
New York, NY 10025-5146

POLICE OFFICER ERIC ALBA
24th Precinct
151 W 100th St
New York, NY 10025-5146

POLICE OFFICER KINSELLA
24th Precinct
151 W 100th St
New York, NY 10025-5146

POLICE OFFICER LATOYA MALONE

24th Precinct
151 W 100th St
New York, NY 10025-5146

## ATTORNEY VERIFICATION

State of New York   )
                    )   ss.:
County of New York  )

EDWARD DONLON, ESQ. and ANTHONY CECUTTI, ESQ., attorneys duly admitted to practice before the courts of this district, affirms the following under penalty of perjury:

We are the attorneys who represent the Plaintiff in this action. We have read the foregoing and know the contents thereof; the same is true to our own knowledge, except as to matters therein stated to be alleged on information and belief, and that as to those matters deponents believes them to be true. The reason this verification is made by us and not by the plaintiff is that he resides outside of New York County, the location of our offices.

_____ (BY: ANTHONY CECUTTI)
EDWARD DONLON, ESQ.

_____
ANTHONY CECUTTI, ESQ.